**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ULAN IBRAGIMOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2296-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Ulan Ibragimov, a noncitizen[1] and Kyrgyzstani national proceeding with counsel, filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Doc. 8, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 13, and the Amended Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Amended Petition, Doc. 8, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. <u>Background</u>

Petitioner, a citizen of Kyrgyzstan, entered the United States on October 24, 2022, through San Ysidro, California. Am. Pet. at 6; Doc. 17-1 at 1 (Notice to Appear). Also on October 24, 2022, Petitioner was released from ICE custody on interim parole for one year until October 23, 2023, under 8 U.S.C. § 1182(d)(5). Am. Pet. at 6; Resp. at 1; Doc. 17-3 (Petitioner's I-94 record).

On March 17, 2023, ICE placed Petitioner into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Doc. 17-1 at 1, 4.[2] On May 26, 2023, Petitioner filed an Application for Asylum, which remains pending. Am. Pet. at 6.

On August 21, 2026, ICE issued a written notice to Petitioner directing him to appear at the Santa Ana ICE office on September 10, 2026, to discuss the status of his immigration case and make necessary custody adjustments as needed. *Id*. at 7; Doc. 9 at 14. On August 26, 2026, ICE re-detained Petitioner while he was working as a truck driver. Am. Pet. at 9. Petitioner alleges he was detained without a warrant. Am. Pet. at 9-10. Respondents provided a warrant dated August 27, 2026. Resp. at 1; Doc. 17-4 (Arrest Warrant).

---

[2] Neither party explains why Petitioner was placed into removal proceedings before his parole expired or whether the issuance revoked Petitioner's parole before its expiration. Respondents allege Petitioner's parole expired on October 23, 2023. Resp. at 1.

Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) and also legally detained under 8 U.S.C. § 1226(a). Resp. at 1-2. On September 15, 2026, an Immigration Judge ("IJ") found he had no jurisdiction to conduct a bond hearing because Petitioner reverted to an arriving alien when his parole ended, meaning he is properly detained under § 1225(b). Reply at 12 (IJ Order denying bond).[3]

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Am. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 9, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges he was improperly arrested under § 1226(a) without a warrant. Am. Pet. at 12-13. Petitioner also alleges none of the exceptions at 8 U.S.C. § 1357(a)(2) applies because ICE could not have determined he would escape before a warrant could be obtained. Am. Pet. at 12.

- **Count II: Violation of the INA**. Petitioner alleges his detention is not authorized by § 1225(b)(2)(A). Am. Pet. at 13-14.

- **Count III**: **Violation of Due Process.** Petitioner alleges his detention violates due process because his release was revoked without notice,

[3] Petitioner indicates he filed an appeal of the IJ's denial of bond for lack of jurisdiction but provides no evidence of the appeal. Reply at 9. Even if Petitioner had appealed the denial, the Board of Immigration Appeals would not consider the merits of whether Petitioner is entitled to bond—the relevant determination for noncitizens detained under § 1226(a)—but instead would consider whether the IJ appropriately declined jurisdiction.

> a hearing, or a change in circumstances shortly he was directed to voluntarily appear at a check-in. *Id*. at 14.[4]

Petitioner asks the Court to order his immediate release or to "order Respondents within seven calendar days to provide [him] an individualized custody redetermination at which Respondents bear the burden of proof by clear and convincing evidence, or otherwise release him if no such hearing is held." *Id*. at 17.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

[4] Petitioner "recognizes that this Court may decline to reach the constitutional question if it grants relief under § 1226(a)." Am. Pet. at 15.

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) also requires that, if an asylum officer determines a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing under the statute. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges his detention is not authorized by § 1225(b)(2)(A). Am. Pet. at 13-14. Respondents argue Petitioner is properly detained under § 1225(b)(1) because once his parole terminated, he returned to the status of "arriving alien." Resp. at 1-6. Respondents also assert he is legally detained under § 1226(a). Resp. at 2.

Petitioner was recently re-apprehended in the interior of the country and had been living in the United States for four years since his release in October 2022. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Judges in this District have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held under § 1226(a), not § 1225(b)(1)); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same).

Therefore, consistent with its prior decisions, the Court should apply § 1226(a) to govern Petitioner's current detention and order a bond hearing. *See Aitiev*, 2026 WL 2125893, at *2 ("Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention."); *Ochilov*, 2026 WL 1896139, at *2 (same); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

**B. The proper remedy is a bond hearing.**

Petitioner requests immediate release or "an individualized custody redetermination at which Respondents bear the burden of proof by clear and convincing evidence." Am. Pet. at 17. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)). Further, this Court has consistently declined to order burden shifting. *See, e.g.*, *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage" (citation modified)). Therefore, the Court should grant the Amended Petition in part and order Respondents to

provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

C. **The Court should decline to address Petitioner's remaining claims**.

Petitioner also argues (1) his re-detention without notice, a hearing, or changed circumstances violates his right to due process and (2) his arrest was warrantless and, thus, improper. Am. Pet. at 12-15. If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim. *See, e.g.*, *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 n.2 (W.D. Okla. Dec. 22, 2025) (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

Further, the Court has previously declined to order additional relief beyond a bond hearing for a noncitizen when an administrative warrant was issued shortly after a petitioner was detained. *See Estrada Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL

---

[5] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, this Court has declined to find termination of humanitarian parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g., Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold that re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

2428826, at *2 (W.D. Okla. Aug. 19, 2026). Here, while Respondents provide an administrative warrant for Petitioner's arrest, it is dated one day after his detention. Doc. 17-4. Even if the warrant was not timely, this Court has explained that "irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects confirmable to law." *Estrada Perdigon*, 2026 WL 2428826, at *2 (citation modified). Petitioner asserts "a bond hearing cannot cure this defect," Am. Pet. at 13 (citation modified), but this Court has held otherwise. *Estrada Perdigon*, 2026 WL 2428826, at *2 (concluding "Petitioner's warrantless arrest does not merit his release" considering "a warrant [has] been issued").

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Amended Petition, Doc. 8, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 19, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 22, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of October, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE