**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ULAN IBRAGIMOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2296-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. No. 19] recommending that the Petition be granted in part and Respondents directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Petitioner and Respondents each filed objections [Doc. Nos. 20, 21, 22] which requires de novo review of those portions of the Report to which a specific objection is made.

Respondent's objection disputes the Report's conclusion that 8 U.S.C. § 1226(a) governs Petitioner's detention. Respondents argue that § 1225(b)(1), which provides for mandatory detention, governs and Petitioner's parole under § 1182(d)(5) does not change this status. This Court has previously rejected Respondents' argument and is not persuaded that reconsideration of this conclusion is warranted. *See Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026).

Petitioner's objection contends that the Report failed to consider his claim that he is entitled to release based on Respondents failure to properly revoke his conditional release

and his warrantless arrest. Petitioner was detained on August 26, 2026. Respondents have provided an unsigned arrest warrant dated was August 27, 2026 – one day after Petitioner was detained.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a); *see also* 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest."). "Generally, the warrant must be issued before the noncitizen's arrest." *Matovu v. Mullin*, No. CIV-26-630-SLP, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026).

To conduct a warrantless arrest, immigration officers must have an individualized suspicion that the noncitizen is "in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."); *Arizona v. United States*, 567 U.S. 387, 407 (2012) ("As a general rule, it is not a crime for a removable alien to remain present in the United States."). After a warrantless arrest, a detainee must be examined by an immigration officer, and a custody determination must be made within 48 hours of arrest. 8 C.F.R. § 287.3. The custody determination may result in issuance of a Notice to Appear and a warrant if the examining officer believes continued detention is justified. *Id.* § 287.3(d).

Recently, in *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *23 (10th Cir. Oct. 21, 2026), the Tenth Circuit held that

> when an agency promulgates a regulation protecting fundamental statutory or constitutional rights of parties appearing before it, the agency must comply with that regulation. And in such cases, failure to comply will merit invalidation of the challenged agency action without regard to whether the alleged violation has substantially prejudiced the complaining party.

(internal quotation marks, citation, and brackets omitted). The Tenth Circuit therefore concluded that ICE's failure to comply with the regulations governing revocation of release

> was per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice. And even if [the petitioner] was required to make a showing of prejudice, the fact that he was denied his due process rights while he remained in detention is enough to show prejudice. His ability to contest his unlawful detention through litigation does not render harmless his detention without due process.

*Id.* at *21. Like the regulations involved in *Abedi*, the statutory and regulatory requirements for warrantless arrests are "procedures established to protect individuals' due process rights." *Id.* at *22.

Here, Respondents have produced an arrest warrant that was issued after Petitioner was taken into custody but have not established that the requirements for a warrantless arrest were satisfied. Because nothing in the record indicates that Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest, the arrest is invalid. And, following *Abedi*, the Court is not persuaded that the issuance of a warrant after Petitioner was arrested cures the statutory violation or forecloses habeas relief. The Court therefore concludes that Petitioner's arrest was invalid

and he is entitled to relief in form of his immediate release.[1] *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (concluding arrest was warrantless and Petitioner was entitled to release where ICE belatedly produced a redacted warrant for arrest).

Accordingly, the Report and Recommendation [Doc. No. 19] is ADOPTED in part and the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to immediately release Petitioner, subject to an appropriate order of supervision. Respondents shall certify compliance with this order within seven days.

IT IS SO ORDERED this 20th day of November, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

[1] The Court acknowledges that it has previously declined to order release where ICE failed to issue an arrest warrant but the noncitizen subsequently received a bond hearing before an Immigration Judge where a finding as to his risk of flight was made. *See Estrada Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026). However, following *Abedi,* the Court believes that a release is the appropriate remedy, particularly where, as here, Petitioner has not received a custody determination hearing.